56.5673

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WEST BEND INSURANCE COMPANY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No.: 1:26-cv-5091 |
| | ) | |
| RELIABLE HOME IMPROVEMENT AND | ) | |
| SUPPLY, INC., ANTHONY DUCATO, and DINA | ) | |
| KOSIBA, | ) | |
| | ) | |
| *Defendants.* | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The plaintiff, WEST BEND INSURANCE COMPANY ("West Bend"), by and through its attorneys, Joseph P. Postel and Thomas J. A. Weller of Lindsay, Pickett, & Postel, LLC, hereby submit their complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*.) against the defendants, RELIABLE HOME IMPROVEMENT AND SUPPLY, INC. ("Reliable Home"), ANTHONY DUCATO ("Ducato") and DINA KOSIBA ("Kosiba").

**Introduction**

1. West Bend seeks a declaration that it does not owe any duty to defend or indemnify Reliable Home and Ducato on policies of insurance issued by West Bend to Reliable Home with respect to an underlying lawsuit styled as *Dina Kosiba v. Reliable Home Improvement and Supply, Inc.*, et al., case no. 2025 LA 001337, and currently pending in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois (the "underlying lawsuit"). That lawsuit alleges, in sum, that one of Reliable Home's managers, Ducato, intentionally sexually and physically abused a co-employee, Kosiba, which caused her to resign from her employment with Reliable Home on November 29,

2024. The West Bend commercial package policies ("CPPs") provide no coverage to Reliable Home and Ducato for the lawsuit because: (1) Ducato is not an insured, (2) the underlying lawsuit does not allege bodily injury caused by an "occurrence," (3) the policies' "expected or intended injury" exclusion applies, (4) the policies' "employer's liability" exclusion applies, and (5) the commercial general liability coverage within the CPP policies includes an "employment-related practices" exclusion that applies. The West Bend workers compensation and employers liability policies provide no coverage to Reliable Home and Ducato for the lawsuit because: (1) Ducato is not an insured, (2) the underlying lawsuit does not allege bodily injury by accident, and (3) the policies' exclusion for damages arising out of employment practices applies. The West Bend employment practices liability insurance policy provides no coverage to Reliable Home and Ducato for the lawsuit because: (1) Ducato is not an insured, (2) the policy's "bodily injury" exclusion applies, and (3) Reliable Home breached the policy's notice condition.

## The Parties

2.      West Bend is a stock corporation organized under the laws of Wisconsin, with its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

3.      Defendant Reliable Home is an Illinois corporation, with its principal place of business in Naperville, Illinois. Reliable Home is a citizen of Illinois.

4.      Defendant Ducato is an Illinois citizen who resides in Naperville, Illinois.

5.      Kosiba is an Illinois citizen with a permanent residence in Illinois.

6.      Kosiba is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that she may have an interest in the

2

subject matter of this action. West Bend seeks no relief from Kosiba, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If Kosiba, by a duly authorized representative, will sign a stipulation to that effect, then West Bend would be willing to voluntarily dismiss her as a defendant.

## Jurisdiction and Venue

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all of the defendants are citizens of Illinois and reside in this District.

## The Pre-Suit Claims

9. In a letter dated May 23, 2025, Kosiba's attorneys made a demand for settlement relating to allegations of sexual and physical abuse by Ducato, a manager at Reliable Home, during Kosiba's employment with the company, which terminated in 2024. The demand letter enclosed a draft lawsuit. A true and correct copy of the demand letter and draft lawsuit is attached hereto as **Exhibit A**.

10. West Bend was first notified of Kosiba's claims on May 28, 2025.

11. On July 16, 2025, Kosiba filed charges with the Illinois Department of Human Rights ("IDHR") against Reliable Home (charge no. 2026CF0036) and Ducato (charge no. 2026CN0037) relating to these same allegations. True and correct copies of the IDHR charges against Reliable Home and Ducato are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

3

12. West Bend sent reservation of rights letters to Reliable Home and Ducato, informing them that West Bend did not owe any potential insurance coverage for the IDHR charges under Reliable Home's commercial package policies or workers compensation and employers liability policies, but that West Bend would provide a defense under the employment practices liability policy subject to a reservation of rights while West Bend continued its ongoing investigation into Kosiba's claims.

**The Underlying Lawsuit**

13. On April 9, 2026, Kosiba filed her verified first amended complaint against Reliable Home and Ducato, case no. 2025LA001337, in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois ("the underlying complaint"). A true and correct copy of the underlying complaint is attached hereto as **Exhibit D**.

14. The underlying complaint alleges that Kosiba was employed by Reliable Home and its manager, Ducato, from August 25, 2014, until November 29, 2024. **Ex. D**, ¶¶ 7-8.

15. The underlying complaint alleges that, beginning in 2015, Kosiba and Ducato began a consensual sexual and dating relationship, but as the relationship progressed, Ducato became increasingly controlling, violent, and abusive toward Kosiba. **Ex. D**, ¶¶ 10-11.

16. The underlying complaint alleges that Ducato repeatedly subjected Kosiba to physical violence and mental abuse. **Ex. D**, ¶¶ 12-14.

17. The underlying complaint alleges that several instances of sexual and physical abuse occurred during 2024, including on April 23, 2024, where Ducato

4

"subjected Kosiba to aggressive yelling and beratement of a sexual nature at Defendant Reliable's office," which was overheard by other employees. **Ex. D**, ¶ 16.

18.     The underlying complaint further alleges that on May 15, 2024, while Kosiba was in Ducato's office at Reliable Home, Ducato "threw calculators at her causing them to break on her body, and placed Kosiba under the reasonable fear that her life was in danger," causing her to run down the hall screaming that Ducato was going to kill her. **Ex. D**, ¶ 16.

19.     The underlying complaint alleges that even though Kosiba reported this incident to Reliable Home's Human Resources Director, Christine Ducato, Reliable Home did not address or remedy the situation and instead Ducato forced Kosiba to apologize to each employee for her "outburst" by threatening her with the publication of her intimate photographs. **Ex. D**, ¶ 16.

20.     The underlying complaint alleges that Kosiba reported Ducato's abuse to the police on September 2, 2024, and subsequently went into hiding out of fear for her personal safety, which caused Kosiba to resign from her employment with Reliable Home on November 29, 2024. **Ex. D**, ¶¶ 18-19.

21.     The underlying complaint alleges one count under the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964 for sexual harassment (Count I), one count under these same statutes for retaliation (Count III), and one count of negligent supervision (Count VII) against Reliable Home. **Ex. D**, ¶¶ 22-74.

22.     The underlying complaint alleges one count under the Illinois Human Rights Act for sexual harassment (Count II) and one count for trespass to property (Count VIII) against Ducato. **Ex. D**, ¶¶ 36-83.

23.     The underlying complaint alleges one count under the Illinois Gender Violence Act (Count IV), one count for assault and battery (Count V), and one count for intentional infliction of emotional distress (Count VI) against both defendants. **Ex. D**, ¶¶ 53-70.

### The West Bend Policies

### The Commercial Package Policies

24.     West Bend issued to Reliable Home a commercial package policy, policy no. A965882 01, effective from September 5, 2022, to September 5, 2023, and subsequently renewed through September 5, 2025 (the "CPPs"). True and correct copies of the West Bend CPPs are attached hereto as **Exhibit E**, **Exhibit F**, and **Exhibit G**.

25.     The CPPs list Reliable Home as the named insured on the Declarations pages. The CPPs contain commercial general liability and umbrella coverage. The material provisions of the policies are as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

      **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

"property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*\*\*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" \*\*\*.

\*\*\*

**2.** **Exclusions**
This insurance does not apply to:

**a.** **Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
\*\*\*

**e.** **Employer's Liability**
"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or
**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

7

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\*\*\*

## SECTION II – WHO IS AN INSURED

1.  If you are designated in the Declarations as:

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. \*\*\*

2.  Each of the following is also an insured:

    **a.** Your \*\*\* "employees", other than your "executive officers", \*\*\* but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" \*\*\* are insureds for:

    **(1)** "Bodily injury" or "personal and advertising injury":

    **(a)** To\*\*\* a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business \*\*\*;

\*\*\*

## SECTION V – DEFINITIONS

7.  "Executive Officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

8

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.      The following exclusion is added to Paragraph **2.**, **Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**
This insurance does not apply to:

"Bodily injury" to:

(1)     A person arising out of any:

      (a)     Refusal to employ that person;
      (b)     Termination of that person's employment; or
      (c)     Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

(2)     The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

(1)     Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
(2)     Whether the insured may be liable as an employer or in any other capacity; and
(3)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*\*\*

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section **II** –

9

Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

    **a.**    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. **\*\*\*** However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.

              **\*\*\***

    **c.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" **\*\*\***.

              **\*\*\***

2.      **Exclusions**
This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
              **\*\*\***

    **g.**    **Employer's Liability**
"Bodily injury" to:

        **(1)**    An "employee" of the insured arising out of and in

the course of:

    **(a)** Employment by the insured; or
    **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

***

## SECTION II – WHO IS AN INSURED

1. Except for liability arising out of the ownership, maintenance or use of "covered autos":

   a. If you are designated in the Declarations as:***

      **(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. ***

   b. Each of the following is also an insured:

      **(1)** Your *** "employees", other than your "executive officers", *** but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" *** are insureds for:

      **(a)** "Bodily injury" or "personal and advertising injury":

          **(i)** To*** a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business ***;

***

11

**SECTION V – DEFINITIONS**

7. "Executive Officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**The Workers Compensation and Employers Liability Policies**

26.     West Bend issued to Reliable Home a workers compensation and employers liability policy, policy no. A965905 01, effective from September 5, 2022, to September 5, 2023, and subsequently renewed through September 5, 2025 (the "workers compensation policies"). True and correct copies of the West Bend workers compensation policies are attached hereto as **Exhibit H**, **Exhibit I**, and **Exhibit J**.

27.     The workers compensation policies list Reliable Home as the named insured in Item 1 of the Information Pages. The material provisions of the policies are as follows:

<strong>WORKERS COMPENSATION AND EMPLOYERS<br>LIABILITY INSURANCE POLICY</strong>

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

***

**GENERAL SECTION**

***

**B. Who is Insured**
You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

***

**PART ONE**
**WORKERS COMPENSATION INSURANCE**

A.     **How This Insurance Applies**

12

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.
2. Bodily injury by disease must be caused or aggravated by the conditions of your employment.

The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B. **We Will Pay**
We will pay promptly when due the benefits required of you by the workers compensation law.

C. **We Will Defend**
We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits. We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

\*\*\*

**PART TWO**
**EMPLOYERS LIABILITY INSURANCE**

A. **How This Insurance Applies**
This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

\*\*\*

C. **Exclusions**
This insurance does not cover:
\*\*\*

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions[.]\*\*\*

\*\*\*

13

**Employment Practices Liability Insurance Policy**

28. West Bend issued to Reliable Home a claims-made employment practices liability insurance policy, policy no. A977243 04, effective from September 5, 2024, to September 5, 2025 (the "EPLI policy"). A true and correct copy of the West Bend EPLI policy is attached hereto as **Exhibit K**.

29. The EPLI policy lists Reliable Home as the named insured on the Declarations pages. The material provisions of the policies are as follows:

**EMPLOYMENT PRACTICES LIABILITY INSURANCE**

**THIS POLICY PROVIDES CLAIMS MADE AND REPORTED COVERAGE.**

**PLEASE READ THE ENTIRE FORM CAREFULLY.**

**SECTION I – COVERAGE: EMPLOYMENT PRACTICES LIABILITY**

In consideration of the payment of premium and in reliance upon representations you made to us in applying for this insurance and subject to the Limits of Insurance shown in the Declarations, and all the exclusions, terms and conditions of this policy, we agree with you as follows:

**A.    INSURING AGREEMENT**

**1.**    We will pay on behalf of the insured for "damages" in excess of the Deductible arising out of any "employment practices" to which this insurance applies.

\*\*\*

**2.**    This insurance applies to such "damages" only if:

**a.**    The "damages" result from "claims" made by "employees", "leased workers", "temporary workers", former "employees", a "third party", or applicants for employment with you;\*\*\*

**4.**    All "claims" for "damages" based on or arising out of:
**a.**    One "employment practice"; or
**b.**    An interrelated series of "employment practices"

14

by one or more insureds shall be deemed to be one "claim" and to have been made at the time the first of those "claims" is made against any insured(s).

\*\*\*

**C.** **EXCLUSIONS**
This insurance does not apply to "claims" arising directly or indirectly from any:

\*\*\*

**7.** "Bodily injury".

\*\*\*

## SECTION II – WHO IS AN INSURED

**A.** If you are designated in the Declarations as:

\*\*\*

**4.** An organization other than a partnership or joint venture, you are an insured. Your current or former directors are insureds, but only with respect to their duties as your directors.

**B.** Each of the following is also an insured:

\*\*\*

**1.** Your current or former "employees" but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\*\*\*

## SECTION V – CONDITIONS

**D.** **Duties in Event of "Employment Practices" or "Claims"**
**1.** You must see to it that we are notified as soon as practicable of any specific "employment practices" which you believe may result in an actual "claim". Your belief must be reasonably certain as the result of specific allegations made by a potential claimant or such potential claimant's representative, or as the result of specifically identifiable injury sustained by a potential claimant. To the extent possible, notice should include:

15

    **a.**    How, when and where such "employment practices" took place;

    **b.**    The names and addresses of any potential claimants and witnesses; and

    **c.**    The nature of any injury arising out of such "employment practices".

***

## SECTION VII – DEFINITIONS

***

**B.**    "Claim" means written or oral notice presented by:

    **1.**    Any "employee", "leased worker", "temporary worker", former "employee" or applicant for employment by you; or

    **2.**    The EEOC or any other Federal, state or local administrative or regulatory agency on behalf of such person in item 1. immediately preceding, that the insured is responsible for "damages" as a result of injury arising out of any "employment practices".

"Claim" includes any civil proceeding in which either "damages" are alleged or fact finding will take place, when either is the actual or alleged result of any "employment practice" to which this insurance applies. This includes:

    **a.**    An arbitration proceeding in which such "damages" are claimed and to which the insured submits with our consent;

    **b.**    Any other alternative dispute resolution proceeding in which such "damages" are claimed and to which the insured submits with our consent; or

    **c.**    Any administrative proceedings established under applicable federal, state or local laws as may be applicable to "employment practices" covered under this insurance.

    **d.**    Any civil proceeding alleging violation of the Fair Labor Standards Act.

***

**G.**    "Employment Practices" means any of the following actual or alleged practices (i) which are directed against any of your "employees", "leased workers", "temporary workers", former "employees", a "third party" or any applicant for employment by you, and (ii) for which remedy is sought under any federal, state or local statutory or common civil employment law:

16

1. Wrongful refusal to employ a qualified applicant for employment;

2. Wrongful failure to promote or wrongful deprivation of career opportunity;

3. Wrongful demotion, negligent evaluation, negligent reassignment or wrongful discipline;

4. Wrongful termination of employment, including retaliatory or constructive discharge;

5. Employment related misrepresentation;

6. Harassment, coercion, discrimination or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation or sexual preference or any other protected class or characteristic established by any applicable federal, state, or local statute; or

7. Oral or written publication of material that slanders, defames, libels, violates, or invades a right of privacy.

\*\*\*

30. There may be other material provisions in the policies and West Bend reserves the right to plead them in the future.

**Coverage Allegations**

**COUNT I**
**No Duty to Defend or Indemnify Reliable Home and Ducato under the Commercial Package Policies**

31. West Bend restates and incorporates the allegations in paragraphs 1 through 30, as if set forth fully herein.

32. The CPPs provide that Reliable Home's "executive officers" and directors are insureds, but only with respect to their duties as Reliable Home's officers or directors.

33. Ducato is not Reliable Home's "executive officer" or director.

34. The CPPs provide that Reliable Home's current or former employees are insureds but only for acts within the scope of their employment by Reliable Home or while performing duties related to the conduct of Reliable Home's business.

17

35. Ducato's alleged acts of physical and sexual abuse against Kosiba were not actions that were within the scope of his employment by Reliable Home and did not take place while he was performing duties related to the conduct of Reliable Home's business.

36. Alternatively, even if Ducato's alleged acts of physical and sexual abuse were within the scope of his employment or did take place while he was performing duties related to the conduct of Reliable Home's business, the CPPs state that employees are not considered insureds for "bodily injury" to a co-employee while in the course of his or her employment or performing duties related to the conduct of Reliable Home's business.

37. The underlying complaint alleges that Kosiba's bodily injury took place while she was Ducato's co-employee.

38. Therefore, Ducato is not an insured under the CPPs.

39. There is no coverage for Reliable and Ducato under the CPPs because the underlying complaint does not allege "bodily injury" caused by an "occurrence."

40. The CPPs only provide coverage for "bodily injury" that is caused by an "occurrence," which the CPPs define as an accident.

41. The underlying complaint alleges that Ducato's actions against Kosiba were intentional.

42. The underlying complaint further alleges that Reliable Home had, at all times, actual knowledge of Ducato's abusive actions against Kosiba and failed to take any reasonable corrective measures to stop Ducato's actions.

43. Therefore, the underlying complaint does not allege any "bodily injury" caused by an "occurrence."

44.     Additionally, there is no coverage under the CPPs because the "expected or intended injury" exclusion applies.

45.     The "expected or intended injury exclusion" provides that the CPPs do not apply to "bodily injury" that is expected or intended from the standpoint of the insured.

46.     The underlying complaint alleges that Kosiba's "bodily injury" was expected or intended by Ducato and Reliable Home.

47.     Further, there is no coverage under the CPPs because the "employer's liability" exclusion applies.

48.     The "employer's liability" exclusion provides that the CPPs do not apply to "bodily injury" to Reliable Home's employee arising out of and in the course of employment by Reliable Home or performing duties related to the conduct of Reliable Home's business.

49.     The underlying complaint alleges that Reliable Home's employee, Kosiba, suffered "bodily injury" arising out of and in the course of her employment and/or while performing duties related to the conduct of Reliable Home's business.

50.     The CCPs' commercial general liability coverage includes an "employment-related practices" exclusion.

51.     This exclusion states that the commercial general liability coverage does not apply to "bodily injury" to a person arising out of any termination of that person's employment, or employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person.

19

52.     The underlying complaint alleges that Kosiba's "bodily injury" arose out of employment-related practices such as harassment, discrimination, coercion, discipline, and humiliation.

53.     Therefore, the "employment-related practices" exclusion applies.

54.     As a result of the foregoing, West Bend does not owe a duty to defend or indemnify Reliable Home and Ducato against the underlying lawsuit under the CPPs.

55.     There may be other bases on which West Bend can properly deny a defense and indemnity to Reliable Home and/or Ducato under the CPPs and West Bend reserves the right to plead them in the future.

WHEREFORE, the plaintiff, West Bend Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, finding and declaring that West Bend owes no duty to defend or indemnify the defendants, Reliable Home Improvement and Supply, Inc., and Anthony Ducato, under Reliable Home's commercial package policies with respect to the underlying complaint filed against them on behalf of Dina Kosiba, and for such other and further relief as the court shall deem just.

## COUNT II
### No Duty to Defend or Indemnify Reliable Home and Ducato under the Workers Compensation Policies

56.     West Bend restates and incorporates the allegations in paragraphs 1 through 30, as if set forth fully herein.

57.     The workers compensation policies provide that the employer named in Item 1 of the Information Page is an insured, and if that employer is a partnership, then the

employer's partners are insureds, but only in their capacity as an employer of the partnership's employees.

58. Reliable Home is the employer named in Item 1 of the Information Page of the workers compensation policies.

59. Reliable Home is not a partnership.

60. Therefore, Ducato is not an insured under the workers compensation policies.

61. The workers compensation policies apply to bodily injury by accident.

62. The underlying complaint alleges that Ducato intentionally sexually and physically abused Kosiba on several occasions throughout their relationship and that Reliable Home had actual knowledge at all times of Ducato's actions and failed to take any reasonable corrective measures.

63. Further, Kosiba's alleged bodily injury was expected and foreseeable from her point of view.

64. Therefore, the underlying complaint does not allege bodily injury by accident.

65. Additionally, the workers compensation policies contain an exclusion for damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

66. The damages alleged in the underlying complaint arise out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment,

humiliation, discrimination against or termination of Kosiba, and Reliable Home's personnel practices, policies, acts or omissions.

67.     As a result of the foregoing, West Bend does not owe a duty to defend or indemnify Reliable Home and Ducato against the underlying lawsuit under the CPPs.

68.     There may be other bases on which West Bend can properly deny a defense and indemnity to Reliable Home and/or Ducato under the workers compensation policies and West Bend reserves the right to plead them in the future.

WHEREFORE, the plaintiff, West Bend Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*., finding and declaring that West Bend owes no duty to defend or indemnify the defendants, Reliable Home Improvement and Supply, Inc., and Anthony Ducato, under Reliable Home's commercial package policies with respect to the underlying complaint filed against them on behalf of Dina Kosiba, and for such other and further relief as the court shall deem just.

## COUNT III
**No Duty to Defend or Indemnify Reliable Home and Ducato under the Employment Practices Liability Insurance Policy**

69.     West Bend restates and incorporates the allegations in paragraphs 1 through 30, as if set forth fully herein.

70.     The EPLI policy provides that Reliable Home's current or former directors are insureds.

71.     The EPLI policy also provides that Reliable Home's current or former employees are insureds but only for acts within the scope of their employment by Reliable Home or while performing duties related to the conduct of Reliable Home's business.

72.     Ducato is not a current or former director of Reliable Home.

73.     Ducato's alleged acts of physical and sexual abuse against Kosiba were not actions that were within the scope of his employment by Reliable Home and did not take place while he was performing duties related to the conduct of Reliable Home's business.

74.     Therefore, Ducato is not an insured under the EPLI policy.

75.     The EPLI policy includes a "bodily injury" exclusion that states that the EPLI policy does not apply to "claims" arising directly or indirectly from any "bodily injury."

76.     The EPLI policy states that all "claims" for "damages" based on or arising out of one "employment practice" or an interrelated series of "employment practices" by one of more insureds shall be deemed to be one "claim."

77.     The underlying lawsuit is a "claim" as defined under the EPLI policy because it is a civil proceeding in which Reliable Home's former employee, Kosiba, has alleged damages as a result of "employment practices."

78.     The underlying lawsuit arises directly or indirectly from Kosiba's alleged "bodily injury."

79.     Because the underlying lawsuit is a "claim" that arises directly or indirectly from "bodily injury," there is no coverage for the underlying lawsuit under the EPLI policy.

80.     Reliable Home has a duty under Condition D.1. of the EPLI policy to notify West Bend as soon as practicable of any specific "employment practices" which Reliable Home believes may result in an actual "claim."

81.     The underlying complaint alleges "employment practices" such as wrongful discipline, harassment, coercion, and humiliation relating to a May 15, 2024 incident where

23

Ducato threw calculators at Kosiba's body and later forced her to apologize to other employees, as well as her wrongful termination on November 29, 2024.

82. Upon information and belief, Reliable Home believed that these "employment practices" might result in an actual "claim."

83. Despite its obligations under the EPLI policy, Reliable Home failed to notify West Bend about these "employment practices" as soon as practicable.

84. West Bend was first notified of these "employment practices" on May 28, 2025, when it received notice of Kosiba's May 23, 2025, demand letter, a delay of approximately 6 to 12 months.

85. Reliable Home was obligated to comply with Condition D.1. as a condition precedent to coverage.

86. Reliable Home's failure to comply with Condition D.1. voids any coverage that may have otherwise been available to Reliable Home under the EPLI policy.

87. As a result of the foregoing, West Bend does not owe a duty to defend or indemnify Reliable Home and Ducato against the underlying lawsuit under the EPLI policy.

88. There may be other bases on which West Bend can properly deny a defense and indemnity to Reliable Home and/or Ducato under the EPLI policy and West Bend reserves the right to plead them in the future.

WHEREFORE, the plaintiff, West Bend Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*., finding and declaring that West Bend owes no duty to defend or indemnify the defendants, Reliable Home Improvement and Supply, Inc., and

Anthony Ducato, under Reliable Home's employment practices liability insurance policy

with respect to the underlying complaint filed against them on behalf of Dina Kosiba, and

for such other and further relief as the court shall deem just.

Respectfully submitted,
LINDSAY, PICKETT & POSTEL, LLC


By:   /s/ Joseph P. Postel
_____
One of the attorneys for Plaintiff,
WEST BEND INSURANCE
COMPANY

Joseph P. Postel, ARDC # 6189515
jpostel@lpplawfirm.com
312-800-6008
Thomas J.A. Weller, ARDC # 6346528
tweller@lpplawfirm.com
312-767-0345
**Lindsay, Pickett & Postel, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404